**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Jerry Jackson, # 81094-071, | |
|     Plaintiff, | C/A No. 6:06-2812-GRA-WMC |
| v. | **ORDER**<br>(Written Opinion) |
| John J. LaManna, Warden of FCI-Edgefield; NFN Acosta, Associate Warden; Steve Harrison, Associate Warden; Wanda Harrison, Case Manager Coordinator; F. Spoon, Factory Manager; K. Joy, Unit Manager; E.S. Eubanks, Case Manager; K. Hammond, Case Manager; H. Taylor, Case Manager; H. Wall, Case Manager; L.F. Rosaria, HAS; W. Serting, DDS; NFN Nicholas, Captain; S. Markides, Chief Dentist; and G. Bryan Pownell, Executive Assistant, | |
|     Defendants. | |

  This matter is before the Court for a review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b) and filed March 23, 2007. Plaintiff claims that he was erroneously classified as a management variable custody inmate, that he was discharged from employment because of his race, and that he was denied adequate dental care. He seeks relief pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). Defendants filed a motion for summary judgment on February 1, 2007. Plaintiff responded to the motion for summary judgment on February 23, 2007. The magistrate judge

recommends granting defendants' motion for summary judgment.

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.

Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Petitioner filed objections to the magistrate judge's Report and Recommendation on April 7, 2007.

Plaintiff first objects that he did not request to be transferred closer to Asheville, North Carolina, but rather that he requested to be transferred to a low security level institution. The magistrate considered this claim and correctly held that Plaintiff has no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-248 (1983). Plaintiff cites to *McCalvin v. Fairman*, 603 F.Supp. 342 (C.D. Ill. 1985), in which the Court denied summary judgment to defendants where plaintiff produced evidence that other similarly situated inmates had been granted transfer to another facility, and that his transfer was denied because of his exercise of constitutionally protected rights. In his complaint, Plaintiff alleges that other similarly situated inmates have been granted transfer, but he does not give any names. Also, Plaintiff alleges that he has been discriminated against because he petitioned the government for redress of grievances. However, the only grievances he references with any specificity were

filed *after* he was denied the transfer, and thus could not have been the basis of any discrimination. Once a *prima facie* case for summary judgment has been established, the nonmoving party cannot simply rest on its pleadings, but must bring forward any evidence that demonstrates the existence of a material question of fact. *Carteret Savings Bank v. Compton, Luther & Sons*, 899 F.2d 340, 344 (4th Cir. 1990).

Plaintiff objects that the Federal Prison Industry did not experience a hiring freeze. Steve Harrison and Frank Spoon both declared under oath that a hiring freeze was in effect when Plaintiff was released from administrative detention. Two months later, the hiring freeze was lifted and Plaintiff was sent back to work. Although Plaintiff correctly states that he was on the payroll for 30 days following being placed on administrative detention, his job was given to another inmate due to customer demand. Plaintiff has presented no evidence, however slight, that racial considerations played any role in the temporary loss of his job.

Plaintiff objects that he has not been able to chew food and that prison officials have shown deliberate indifference to his dental health. Prison officials who examined Plaintiff did not find any problems consistent with his complaints. Furthermore, Plaintiff has actually *gained* weight while in prison despite his claim that he cannot properly chew food. Plaintiff has not produced any evidence aside from self-serving statements that he is experiencing a serious medical condition.

Plaintiff objects that his suit is against Defendants in their individual

capacities and the magistrate should not have considered his claims as being brought against Defendants in their official capacities. The magistrate considered claims against Defendants in both their official and individual capacities. He found that qualified immunity applied to the claims brought against Defendants individually.

Plaintiff asserts that defendants LaManna, Acosta, Steve Harrison, and Rosario instituted a policy or custom under which unconstitutional practices occurred. These general statements aside, Plaintiff has failed to show any specific facts leading to either a constitutional violation or managerial approval of such conduct, and so this objection must also be denied.

Plaintiff's final objection simply restates the standard of review applicable to a motion for summary judgment. Because it does not address a specific portion of the Report and Recommendation, the Court need not consider it.

After a review of the magistrate judge's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment is GRANTED. Plaintiff's motion for reconsideration of his motion to amend or correct is DENIED.

IT IS SO ORDERED.

                                                   _____
                                                   G. ROSS ANDERSON, JR.
                                                   UNITED STATES DISTRICT JUDGE

June 25, 2007

Anderson, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff has the right to appeal this Order within sixty (60) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.